**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
KAMRAN KHAN                    : CIVIL ACTION
                               :
        Plaintiff              :
                               :
        vs.                    :
                               : NO. 13-CV-1294
LEO VAYN                       :
                               :
        Defendant              :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                    **February 11, 2014**

This case is now before the Court for disposition of
competing motions for summary judgment filed by both parties.
For the reasons outlined below, the Defendant's Motion for
Summary Judgment is GRANTED and the Plaintiff's Motion for
Summary Judgment is DENIED.

**Factual Background**

This action arises out of what appears to be a very bitter
divorce proceeding which is still ongoing in the Court of Common
Pleas of Montgomery County, Pennsylvania.  According to the
averments contained in the Complaint, Plaintiff was married to
one Kimberly Romm on August 3, 2003; the couple separated on
February 20, 2010.  Both Khan and Romm owned pre-marital homes in
Montgomery County which they purportedly agreed to place in one
another's names such that those properties would thereafter be

owned jointly.  Plaintiff avers that he and Romm duly executed and had new deeds notarized and that Romm then took possession of the deeds, recording the deed to Khan's former pre-marital residence but failing to record the deed transferring her pre-marital home to joint ownership.  Romm "now denies that this mutual agreement and transaction ever occurred."  (Pl's Compl., ¶8).

During the course of the marriage, Romm purchased 7 properties.  Five of those properties were titled in her own name, one was titled jointly with Khan and the seventh, a commercial property located at 1324 Locust Street, Philadelphia, was titled under the name "Indian Creek Investments LLC," an entity which was formed in November, 2007.  Khan alleges that the funds used to purchase these parcels came, in large part or entirely, from some $1.5 million in loans taken out and liened against his pre-marital home and that this home is now in foreclosure because he is unable to pay the debt service and other related expenses necessary to retain ownership.  As against Defendant Vayn, he "believe[s] and aver[s]" that Romm and Vayn are "close friends" and that "prior to and since Khan's separation from Romm, Vayn has been hiding assets belonging to Romm, in an effort to deprive Khan of his equitable distribution of the true marital estate."  (Pl's Compl., ¶s 11, 12).

Plaintiff's complaint further details that Romm signed

2

several amendments and other documents concerning the ownership, operation and capitalization of Indian Creek which, according to Plaintiff, evince that Vayn fraudulently assumed ownership of Indian Creek and the Locust Street property with the express purpose of convincing the divorce court that neither Indian Creek nor the Locust Street real estate are marital property. Plaintiff seeks to hold Vayn liable under the theory that he conspired with Romm to commit common law fraud, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1962(a) - (d) ("RICO"), and was unjustly enriched.  Discovery in this matter closed on November 29, 2013 and both parties now move for the entry of judgment in their favor as a matter of law pursuant to Fed. R. Civ. P. 56.

## Standards for Ruling on Summary Judgment Motions

As noted, the parties seek the entry of summary judgment under Fed. R. Civ. P. 56.  Subsection (a) of that Rule provides,

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

Under this rule then, summary judgment is appropriate only if there are no genuine issues of material fact such that the movant is entitled to judgment as a matter of law.  Erdman v. Nationwide Insurance Co., 582 F.3d 500, 502 (3d Cir. 2009).  In considering

3

a motion for summary judgment, the reviewing court should view
the facts in the light most favorable to the non-moving party and
draw all reasonable inferences in that party's favor.  Burton v.
Teleflex, Inc., 707 F.3d 417, 425 (3d Cir. 2013).  The initial
burden is on the party seeking summary judgment to point to the
evidence "which it believes demonstrate the absence of a genuine
issue of material fact."  United States v. Donovan, 661 F.2d 174,
185 (3d Cir. 2011)(quoting Celotex Corp. v. Catrett, 477 U.S.
317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)).  An issue is
genuine only if there is a sufficient evidentiary basis on which
a reasonable jury could find for the non-moving party, and a
factual dispute is material only if it might affect the outcome
of the suit under governing law.  Kaucher v. County of Bucks, 455
F.3d 418, 423 (3d Cir. 2006)(citing Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202
(1986)).  If the non-moving party bears the burden of persuasion
at trial, "the moving party may meet its burden on summary
judgment by showing that the nonmoving party's evidence is
insufficient to carry that burden."  Id, (quoting Wetzel v.
Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).  "The mere
existence of some evidence in support of the nonmovant is
insufficient to deny a motion for summary judgment; enough
evidence must exist to enable a jury to reasonably find for the
nonmovant on the issue."  Renchenski v. Williams, 622 F.3d 315,

4

324 (3d Cir. 2010)(quoting <u>Giles v. Kearney</u>, 571 F.3d 318, 322
(3d Cir. 2009).  Thus, "if there is a chance that a reasonable
juror would not accept a moving party's necessary propositions of
fact," summary judgment is inappropriate.  <u>Id.</u>(quoting <u>El v.</u>
<u>SEPTA</u>, 479 F.3d 232, 238 (3d Cir. 2007)).

## Discussion

As noted, Plaintiff's complaint contains three counts
asserting causes of action for violations of the civil RICO
statute, for fraud and conspiracy and for unjust enrichment.  We
consider each count of the complaint in turn.

RICO, 18 U.S.C. §1961, *et. seq.* provides for civil actions
in which treble damages and attorney's fees may be recovered to
vindicate "[a]ny person injured in his business or property by
reason of a violation of Section 1962 of this chapter..."  18
U.S.C. §1964(c); <u>Rotella v. Wood</u>, 528 U.S. 549, 552, 120 S. Ct.
1075, 1078, 145 L. Ed. 2d 1047, 1053 (2000).  There are four
possible ways to violate Section 1962:

> **(a)**  It shall be unlawful for any person who has received
> any income derived, directly or indirectly, from a pattern
> of racketeering activity or through collection of an
> unlawful debt in which such person has participated as a
> principal within the meaning of Section 2, title 18, United
> States Code, to use or invest, directly or indirectly, any
> part of such income, or the proceeds of such income, in
> acquisition of any interest in, or the establishment or
> operation of, any enterprise which is engaged in, or the
> activities of which affect, interstate or foreign commerce.
> A purchase of securities on the open market for purposes of
> investment, and without the intention of controlling or
> participating in the control of the issuer, or of assisting
> another to do so, shall not be unlawful under this

subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern of racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

**(b)** It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

**(c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. §1962(a) - (d).

Congress enacted Section 1962(a) in an attempt to halt investment of racketeering proceeds into legitimate businesses, including the practice of money laundering. Brittingham v. Mobil Corp., 943 F.2d 297, 303 (1991). Because §1962(a) is directed specifically at the use or investment of racketeering income, it requires that a plaintiff's injury be caused by the use or investment of income in the enterprise. Id. Thus, to adequately plead a §1962(a) claim, the plaintiff must allege an injury stemming from the defendant's use or investment of income garnered from racketeering activity, distinct from an injury

6

flowing from the predicate racketeering acts or allegedly
fraudulent activities.  Guy's Mechanical Systems, Inc. v. FIA
Card Services, N.A., 339 Fed. Appx. 193, 194, 2009 U.S. App.
LEXIS 14065 (3d Cir. June 22, 2009); Kolar v. Preferred Real
Estate Investments, Inc., Civ. A. No. 07-03864,  2008 U.S. Dist.
LEXIS 48781 at *11 (E.D. Pa. June 19, 2008), citing, *inter alia*,
Glessner v. Kenney, 952 F.2d 702, 709 (3d Cir. 1991) and Kehr
Packages v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir. 1991).
In other words, to maintain a RICO claim under Section 1962(a), a
plaintiff must show: (1) that the defendant received money from a
pattern of racketeering activity,[1] (2) invested that money in an
enterprise that (3) affected interstate commerce.  Ransom v.
Marazzo, 814 F. Supp. 437, 441 (1993).

    Under §1962(b), a plaintiff must allege a specific nexus
between control of a named enterprise and the alleged
racketeering activity.  Kehr Packages, 926 F.2d at 1412.  A
violation of §1962(c) requires (1) conduct (2) of an enterprise
(3) through a pattern (4) of racketeering activity.  Sedima
S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S. Ct. 3275,
3285, 87 L. Ed. 2d 346 (1985).  In order to state a viable claim
under that subsection, a plaintiff is required to plead: (1) the

---

    [1]  "Racketeering activity" is defined in Section 1961(1) to include acts
that are indictable under certain provisions of the federal crimes code,
including mail fraud and wire fraud under 18 U.S.C. §§1341 and 1343.  Coleman
v. Commonwealth Land Title Insurance Co., 684 F. Supp. 2d 595, 609 (E.D. Pa.
2010). "A pattern of racketeering activity requires at last two acts of
racketeering." Id.

existence of an enterprise affecting interstate commerce, (2) that the defendant was employed by or associated with that enterprise, (3) that the defendant participated, either directly or indirectly in the conduct of the affairs of the enterprise and (4) that the defendant participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts.  Hollis-Arrington v. PHH Mortgage Corp., 2006 U.S. App. LEXIS 27021 at *13-*14, 205 Fed. Appx. 48, 53 (3d Cir. Oct. 31, 2006); Annulli v. Panikkar, 200 F.3d 189, 198 (3d Cir. 1999).  A RICO enterprise is defined as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  Freedom Medical, Inc. v. Gillespie, 634 F. Supp. 2d 490, 503(E.D. Pa. 2007)(quoting 18 U.S.C. §1961(4)).  "To establish the existence of an enterprise, a plaintiff must show evidence of an ongoing organization, formal or informal; evidence that the various associates of the enterprise function as a continuing unit; and evidence that the enterprise has an existence separate and apart from the pattern of activity in which it engages."  Id, (citing United States v. Riccobene, 709 F.2d 214, 221 (3d Cir. 1983)).  Thus, the enterprise may not simply be the same person referred to by a different name.  Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161, 121 S. Ct. 2087, 2090, 150 L. Ed.2d 198 (2001).

Finally, to plead a cause of action under §1962(d), a plaintiff must aver that: (1) there was an agreement to commit the predicate acts of fraud, and (2) defendants had knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate §1962(a), (b) or (c). Tyler v. O'Neill, 994 F. Supp. 603, 615 (E. D. Pa. 1998).

In reviewing the evidence in the case at hand in light of the pre-requisites set forth above, we find that summary judgment is appropriately entered in Defendant's favor.  Specifically, the evidence produced in this matter consists of copies of cancelled checks, partnership income tax returns and K-1's, promissory notes given by Romm to Vayn and various Amendments to the Indian Creek Investments' Operating Agreement of November 6, 2007, as well as Affidavits and excerpted copies of the deposition transcripts of Romm, Khan and Vayn.  These materials reflect that while Romm initially formed Indian Creek Investments as a Delaware Limited Liability Company on November 6, 2007 in her own name, several months later on February 12, 2008, Leo Vayn acquired a 50% ownership/membership/managerial interest in Indian Creek in exchange for an initial capital contribution of $173,000.  According to that first Amendment to the Operating Agreement, Ms. Romm had made an identical $173,000 capital contribution and the LLC formed an "additional series, Arts Commercial Series to acquire the commercial property located at

9

1324 Locust Street, Units CU1 & CU3," in Philadelphia.  There are also copies in the record of cancelled checks and wire transfer statements from Romm substantiating her capital investments. From the copies of the corporate filings and the Arts Ballroom Facebook page provided by Plaintiff, it appears that the purpose of Indian Creek and its Arts Commercial Series was to develop the Locust Street property into a special events venue available for rental.

Thereafter, additional copies of cancelled checks from Defendant Vayn to Romm substantiate Defendant's claim that over the next several years, he personally loaned Romm some $190,000 and that he and the company which he owns with his son, Dalet LLC, went on to invest additional sums in excess of $500,000 in Indian Creek between 2008 and 2011.  As per the January 2, 2009 Indian Creek Operating Agreement Amendment, Romm transferred 45% of her interest in Indian Creek to Vayn and Dalet in settlement of $100,000 of her debt to Vayn.  She transferred her remaining 5% interest on March 15, 2011 in lieu of repaying the remaining $90,000 to Defendant.

There is thus absolutely no evidence whatsoever that Indian Creek Investments is or ever was a "racketeering enterprise" that effected interstate commerce, nor is there any evidence to suggest that Defendant Vayn participated in a pattern of racketeering activity as defined above or that he knowingly

10

received money through a pattern of racketeering activity which
he subsequently invested in a racketeering enterprise.  Indeed,
the law is clear that even where one does not hold a formal or
managerial position within the enterprise to participate in the
conduct of an enterprises's affairs, there must be a nexus
between the person and the conduct of the affairs of an
enterprise.  <u>Freedom Medical</u>, 634 F. Supp. 2d at 506-507.  Here,
while Defendant clearly has a significant ownership interest in
Indian Creek Investments, there is no evidence that Defendant
Vayn committed any of the proscribed predicate acts or employed
or conducted the affairs of Indian Creek improperly much less
through a pattern of racketeering activity.   In short, Plaintiff
has amassed no evidentiary support to sustain the allegations
contained in his pleadings.  Inasmuch as accusations and
supposition are insufficient to sustain a cause of action through
the summary judgment stage, we are constrained to grant the
defendant's motion as to Count III of the plaintiff's complaint.

     To prevail on the common law claims of fraud and conspiracy
under the law of Pennsylvania, the onus is on the plaintiff to
prove, first as to fraud: (1) misrepresentation of a material
fact; (2) made falsely with knowledge of its falsity or
recklessness as to whether it is true or false; (3) with
intention by the declarant to mislead another into relying on it;
(4) justifiable reliance by the party defrauded upon the

misrepresentation; and (5) damage to the party defrauded as a proximate result.  Gibbs v. Ernst, 538 Pa. 193, 647 A.2d 882, 890 (1994); Hunt v. U.S. Tobacco Co., 538 F.3d 217, 225, n. 13 (3d Cir. 2008).  Conspiracy requires a showing that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means.  Skipworth by Williams v. Lead Industries, Ass'n., Inc., 547 Pa. 224, 235, 690 A.2d 169, 174 (1997).  Proof of malice, *i.e.* an intent to injure, is essential in proving a conspiracy and thus to withstand summary judgment on this claim, Plaintiff must have produced evidence which would establish that Defendant acted in concert to commit an unlawful act or do a lawful act by unlawful means and that he acted with malice.  Id.

Reviewing the record here with respect to these claims, we again cannot find any support for Plaintiff's common law fraud and conspiracy claims.  Central to Plaintiff's theories are his averments that Romm and Vayn conspired to deprive him of his marital interest in Indian Creek and the Locust Street real estate by purportedly creating false and fraudulent documents that "provide a false paper trail in order to convince the divorce court that Vayn rather than Romm owns Indian Creek." (Pl's Compl., ¶s 14, 32-34).  While these accusations are certainly enough to withstand a Rule 12(b)(6) motion, given the complete absence of any evidence that the above-referenced

documents are in fact false, they cannot withstand a Rule 56 motion.  So saying, judgment in favor of Defendant must also be entered as a matter of law with respect to Count I of Plaintiff's complaint.

Finally, "the elements of unjust enrichment are 'benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefits without payment of value.'" Commerce Bank v. First Union National Bank, 2006 PA Super 305, 911 A.2d 133, 143-144 (Pa. Super. 2006)(quoting Lackner v. Glassner, 2006 PA Super 14, 892 A.2d 21, 31-32 (Pa. Super. 2006)).

Here again, the evidence produced is directly contrary to Plaintiff's remaining claim.  Indeed, it appears that beginning in 2008, nearly two years before Plaintiff and his wife separated, Defendant Vayn began loaning Plaintiff's wife substantial sums of money, eventually totaling some $190,000 in addition to making significant investments and capital contributions to the Indian Creek business entity.  In exchange for these loans and capital contributions, Defendant received promissory notes, security interests and ownership in the business and in the real estate owned by that business.  We see nothing unjust or unfairly enriching to Defendant by his receipt

of fair value for his investment and in repayment of monies loaned.  Summary judgment is properly entered in favor of Defendant as to Count II of the Complaint as well.

For all of the foregoing reasons, Defendant's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.  An order follows.